UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JERAMIAH L. GLOWACKI,

       Plaintiff,

vs.

O'REILLY AUTO ENTERPRISES, LLC,
a foreign limited liability company, d/b/a
O'REILLY AUTO PARTS,

       Defendant.

Case No.
Hon.

_____/

Raymond J. Sterling (P34456)
Brian J. Farrar (P79404)
Attorneys for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
rsterling@sterlingattorneys.com
bfarrar@sterlingattorneys.com

_____/

# COMPLAINT AND JURY DEMAND

Plaintiff Jeramiah L. Glowacki, by his attorneys Sterling Attorneys at Law, P.C., for his Complaint and Jury Demand submits the following:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is an individual residing in Benton Harbor, Michigan, within the Western District of Michigan.

2. Defendant O'Reilly Auto Enterprises, LLC ("O'Reilly") is a Delaware limited liability company with its principal place of business in Springfield, Missouri, that conducts business and maintains several offices and stores within the Western District of Michigan.

3. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC 2000e *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*

4. Defendant is an employer as defined by Title VII*,* and Elliott-Larsen, MCL 37.2101 *et seq.*

5. This Court has federal question jurisdiction under 28 USC 1331 because this action arises under the laws of the United States.

6. This Court has supplemental jurisdiction over plaintiff's state law claims under 28 USC 1367(a).

7. This Court also has diversity jurisdiction under 28 USC 1332(a) because plaintiff is a citizen of Michigan, defendant is a citizen of Delaware (state of incorporation) and Missouri (principal place of business), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this district under 28 USC 1391(a)(2), (b)(1), and (b)(2) because a substantial part of the events giving rise to this claim occurred in this judicial district and plaintiff and defendant reside in this judicial district.

9. Plaintiff timely files this complaint within 90 days of receiving his EEOC right to sue notice mailed to him on or about July 15, 2021.

## GENERAL ALLEGATIONS

10. Defendant O'Reilly is an automotive parts retailer that sells parts, tools, supplies, equipment, and accessories throughout the United States.

11. In November 2011, O'Reilly hired plaintiff as a Store Manager for its Benton Harbor, Michigan location.

12. Throughout his employment with O'Reilly, plaintiff was a dedicated and loyal employee with a successful track record of managing stores and growing sales.

13. In November 2012, O'Reilly's Executive Committee awarded plaintiff a Shamrock Award in recognition of plaintiff's excellent customer service.

14. In November 2016, O'Reilly promoted plaintiff to District Manager where he was responsible for overseeing approximately 10 stores throughout Western Michigan and Indiana.

15. Following plaintiff's promotion, O'Reilly awarded plaintiff stock options as part of its Incentive Award Plan.

## *O'Reilly fails to take action*
## *after plaintiff reports sexual harassment*

16. In January 2019, plaintiff attended the annual O'Reilly leadership conference in Dallas, Texas.

17. The conference was attended by many O'Reilly Store Managers, District Managers, Regional Managers, as well as members of O'Reilly's senior leadership team.

18. At the conference, plaintiff observed a female Store Manager from another state being sexually harassed by her Regional Manager.

19. Plaintiff's direct supervisor, Tony Kaupp, was present at the leadership conference and observed the inappropriate behavior.

20. Plaintiff discussed the ongoing sexual harassment with Kaupp and Kaupp responded by telling plaintiff not to do anything about it.

21. O'Reilly took no action to correct the behavior and over the next 12 months, the Regional Manager's inappropriate behavior continued.

22. The following year, in January 2020, plaintiff attended the O'Reilly leadership conference, also held in Dallas, Texas.

23. At the 2020 conference, the same female Store Manager reached out to plaintiff and reported that her the Regional Manager was continuing to sexually harass her during the conference.

4

24. The female Store Manager also told plaintiff that her Regional Manager groped another female O'Reilly employee in the presence of several O'Reilly managers.

25. Plaintiff spoke to Joey Kraska, a Divisional Human Resource Manager who was attending the conference and reported the sexual harassment.

26. O'Reilly sent the Regional Manager who engaged in the misconduct home from the conference early.

27. Shortly thereafter, O'Reilly terminated the Regional Manager.

28. On January 30, 2020, O'Reilly terminated plaintiff to punish him for reporting the fact that a Regional Manager engaged in sexual harassment.

## COUNT I

## DISCRIMINATION/RETALIATION IN VIOLATION OF TITLE VII

29. Plaintiff incorporates the preceding paragraphs by reference.

30. Title VII makes it unlawful for an employer to discriminate or retaliate against employees for reporting sexual harassment or opposing discriminatory practices in the workplace.

31. Defendant discriminated against plaintiff and retaliated against him for reporting sexual harassment and opposing discriminatory practices in the workplace.

32. Defendant, by its agents, was predisposed to discriminate against plaintiff in violation of Title VII, and acted in accordance with that predisposition.

33. Plaintiff engaged in activity protected by Title VII when he reported sexual harassment and discrimination.

34. Defendant's treatment of plaintiff is in violation of the anti-retaliation provisions of Title VII.

35. The actions of defendant by its agents were deliberate and intentional, and engaged in with malice, or with reckless indifference to the rights and sensibilities of plaintiff.

36. As a direct and proximate result of defendant's wrongful and discriminatory treatment of plaintiff, plaintiff has suffered injuries and damages, including but not limited to, loss of past, present and future earnings and earning capacity; loss of his company stock options; loss of the value of fringe and pension benefits; mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life.

## COUNT II

### DISCRIMINATION/RETALIATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

37. Plaintiff incorporates the preceding paragraphs by reference.

38. Plaintiff was qualified for his position.

39. The Michigan Elliott-Larsen Civil Rights Act (the "Act") prohibited defendant from retaliating against plaintiff for opposing discriminatory practices in the workplace.

40. Plaintiff engaged in protected activity when he reported sexual harassment and opposed discriminatory practices in the workplace.

41. Defendant terminated plaintiff, in whole or in part, because plaintiff reported sexual harassment and opposed discriminatory practices in the workplace.

42. Defendant's acts were willful within the meaning of the Act.

43. Defendant discriminated against plaintiff with respect to his terms, conditions, and privileges of employment.

44. Defendant's actions denied plaintiff the opportunity for continued employment and adversely affected his compensation, terms, conditions, and privileges of employment in violation of the Elliott-Larsen Civil Rights Act.

45. As a direct and proximate result of defendant's wrongful and discriminatory treatment of plaintiff, plaintiff has suffered injuries and damages, including but not limited to, loss of past, present and future earnings and earning capacity; loss of his company stock options; loss of the value of fringe and pension benefits; mental and emotional distress, including anxiety and mental

anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life.

WHEREFORE, plaintiff respectfully requests that this Honorable Court enter judgment against defendant, in whatever amount plaintiff is found to be entitled, together with reinstatement, punitive damages, interest as an element of damages, statutory interest, and attorney fees and costs.

### JURY DEMAND

Plaintiff Jeramiah L. Glowacki, by his attorneys Sterling Attorneys at Law, P.C., demands a trial by jury.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Brian J. Farrar
Raymond J. Sterling (P34456)
Brian J. Farrar (P79404)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

Dated: October 7, 2021