UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERAMIAH L. GLOWACKI,

Plaintiff,

Case No. 1:21-cv-00868
Hon. Hala Y. Jarbou

vs.

O'REILLY AUTO ENTERPRISES, LLC,
a foreign limited liability company, d/b/a
O'REILLY AUTO PARTS,

Defendant.

Brian J. Farrar (P79404)
Raymond J. Sterling (P34456)
Gerald D. Wahl (P26511)
Attorneys for Plaintiff
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
bfarrar@sterlingattorneys.com
rsterling@sterlingattorneys.com
gwahl@sterlingattorneys.com

Suzanne P. Bartos (P36490)
Attorney for Defendant
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
sbartos@cmda-law.com

**PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND INTEREST**

Plaintiff Jeramiah L. Glowacki, by his attorneys Sterling Attorneys at Law, P.C., having received a jury verdict in his favor on March 15, 2023, and the Court having entered Judgment on March 15, 2023, now moves for an award of attorney fees, costs, and interest pursuant to the Judgment, LR 54.1.2, and applicable law, and states as follows:

1. This is an employment case filed pursuant to federal (Title VII) and state (Michigan's Elliott-Larsen Civil Rights Act) law.

2. Plaintiff's claims were tried to a jury beginning March 13, 2023. On March 15, 2023, the jury returned a unanimous verdict in favor of Plaintiff and against Defendant on Plaintiff's retaliation claims in the amount of $2,939,000, comprised of $979,000 in past economic damages; $160,000 in past non-economic damages; $800,000 in future economic damages; and $1,000,000 in punitive damages (**Ex A**, Verdict Form; **Ex B**, Judgment).

3. Pursuant to Title VII and the ELCRA, Plaintiff is authorized to recover fees and costs based on the success of his claims.

4. Plaintiff seeks legal fees in the amount of $141,762.50 representing attorney time expended in this litigation at hourly rates of $325 to $500 per hour (**Ex C**, Verified Time Records); and an additional modest attorney fee enhancement totaling $11,488.75.

5. Plaintiff also seeks costs in the amount of $8,391.61 representing costs expended by Sterling Attorneys at Law, P.C. since the onset of this litigation (**Ex D**, Verified Costs Itemization).[1]

[1] Of this amount, $ 3,269.55 was submitted to the clerk for taxation pursuant to Fed R Civ P 54(d)(1), 28 USC 1920 and the Court's Bill of Costs Handbook (Dkt #66).

6. As set forth in Plaintiff's brief, Plaintiff's lawyers are experienced litigation attorneys who specialize in employment discrimination and wrongful discharge cases, and the hourly rates charged and the hours expended by Sterling Attorneys at Law, P.C. are very reasonable.

7. Pursuant to the ELCRA and 28 USC 1961 Plaintiff is also entitled to pre-judgment interest from the date his Complaint was filed (October 7, 2021) until the date of judgment (March 15, 2023) and post-judgment interest until the judgment is satisfied.

8. Plaintiff sought concurrence in accordance with Local Rule 7.1(d) but concurrence has not been granted.

WHEREFORE and as set forth in the accompanying Brief and exhibits, Plaintiff respectfully requests that this Court enter an Order awarding Plaintiff:

A. Attorney fees in the amount of $141,762.50 (**Ex C**);

B. A fee enhancement of $11,488.75;

C. Costs in the amount of $8,391.61 (**Ex D**);

D. Prejudgment interest from October 7, 2021 and post-judgment interest beginning March 15, 2023.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Brian J. Farrar
Brian J. Farrar (P79404)
Raymond J. Sterling (P34456)
Gerald D. Wahl (P26511)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

Dated: March 28, 2023

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERAMIAH L. GLOWACKI,

Plaintiff,

Case No. 1:21-cv-00868
Hon. Hala Y. Jarbou

vs.

O'REILLY AUTO ENTERPRISES, LLC,
a foreign limited liability company, d/b/a
O'REILLY AUTO PARTS,

Defendant.
_______________________________/

Brian J. Farrar (P79404)
Raymond J. Sterling (P34456)
Gerald D. Wahl (P26511)
Attorneys for Plaintiff
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
bfarrar@sterlingattorneys.com
rsterling@sterlingattorneys.com
gwahl@sterlingattorneys.com

Suzanne P. Bartos (P36490)
Attorney for Defendant
Cummings, McClorey, Davis
& Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
sbartos@cmda-law.com
_______________________________/

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND INTEREST**

# TABLE OF CONTENTS


CONTROLLING AUTHORITY ........................................................ iii
INDEX OF AUTHORITIES ........................................................ iv-v
STATEMENT OF ISSUES PRESENTED ........................................................ vi
INTRODUCTION ........................................................ 1
ARGUMENT ........................................................ 2

I. An Award of Attorney Fees to a Prevailing Plaintiff in a Title VII Case is Generally Required, and is Also Authorized by the ELCRA ........................................................ 2

A. Standards for Awarding a Reasonable Attorney Fee .......... 4

B. Plaintiff's Counsel's Attorney Fees are Reasonable ............ 5

(1) The professional standing and experience of the attorneys ........................................................ 5

a. Brian J. Farrar ........................................................ 5
b. Gerald D. Wahl ........................................................ 6
c. Raymond J. Sterling ........................................................ 7

(2) The skill, time and labor involved ............................ 8

(3) The amount in question and the results achieved ...... 9

(4) The difficulty of the case ........................................ 9

(5) The undesirability of this case ................................ 10

(6) The expenses involved ........................................... 10

(7) The nature and length of the professional relationship with the client ..................................... 11

II. A Modest Fee Enhancement is Appropriate in this Case ........... 11

III. Costs are Recoverable ........................................................ 12

IV. Plaintiff is Entitled to Interest ........................................................ 13

A. Pre-Judgment and Post-Judgment Interest are Mandatory Under ELCRA ........ 13

B. Post Judgment Interest Under 28 USC 1961 ........ 14

CONCLUSION ........ 15

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

42 USC 2000e-5(k)

MCL 37.2802

*Berger v City of Mayfield Heights*, 265 F3d 399 (6th Cir 2001)

*Hensley v Eckerhart*, 461 US 424 (1983)

*Lefemine v Wideman,* 568 US 1 (2012)

*Perdue v Kenney A ex rel Winn*, 559 US 542 (2010)

# INDEX OF AUTHORITIES

**Case Law**


*Assoc General Contractors of Ohio v Drabik*, 250 F3d 482 (6th Cir 2001) .............. 14
*Berger v City of Mayfield Heights*, 265 F3d 399 (6th Cir 2001) .............................. 3
*Clements v Prudential Protective Services, LLC,* 100 F Supp 3d 604 (ED Mich 2016) *aff'd* 659 F Appx 820 (6th Cir 2016) .................................. 14
*Everett v Nikola*, 234 Mich App 632 (1999) .................................................. 13
*Farrar v Hobby,* 506 US 103 (1992) ............................................................ 3
*Fleming v Bhd of Maint of Way Emps Div of Int'l Bhd of Teamsters*, 2011 WL 900036, (ED Mich, Mar 14, 2011) ........................................................... 12
*Grow v WA Thomas Company*, 236 Mich App 696 (1999) ............................4, 13
*Hamlin v Charter Twp of Flint,* 165 F3d 426 (6th Cir 1999) ............................4, 10
*Hensley v Eckerhart*, 461 US 424 (1983) ...................................................2-5, 9
*Indep Fed of Flight Attendants v Zipes,* 491 US 754 (1989) .................................. 2
*King v General Motors*, 136 Mich App 301 (1984) ............................................ 5
*Lankford v Realdyne LLC,* 2016 WL 3640691 (SD OH 2016) ......................... 12
*Lefemine v Wideman,* 568 US 1 at *5 (2012) .................................................. 3
*Northcross v Bd of Educ of Memphis City Sch*, 611 F2d 624 (6th Cir 1979) ......11, 12
*Palmer v Shultz*, 679 F Supp 68 (DDC 1988) ............................................. 11
*Perdue v Kenney A ex rel Winn*, 559 US 542 (2010) ........................................ 11
*Pittington v Great Smokey Mountain Lumberjack Ford, LLC*, 880 F3d 791 (6th Cir 2018) ......................................................................................... 13
*Schellenberg v Rochester Michigan Lodge No. 2225,* 228 Mich App 20 (1998) ...... 11
*Thomas v National Football League Players Ass'n,* 273 F3d 1124 (DC Cir 2001) ........................................................................................... 4
*Thurman v Yellow Freight*, 903 F3d 1160 (6th Cir 1996) ................................. 14
*Vocca v Playboy Hotel of Chicago Inc*, 686 F2d 605 (7th Cir 1982) ........................ 4
*Waldo v Consumers Energy Co*, 726 F3d 802 (6th Cir 2013) ............................. 12
*Wood v DAIIE*, 413 Mich 573 (1982) ......................................................4, 10


**Statutes, Court Rules & Misc.**


28 USC 1920 .................................................................................1, 2, 12
28 USC 1961(a) ................................................................................... 1
42 USC 1988 .....................................................................................2, 11
42 USC 1988(b) .................................................................................. 12
42 USC 2000e-5(k) ..............................................................................2, 13
MCL 37.2802 .....................................................................................3, 12

MCL 600.6013 ........ 1
MCL 600.6013(1) ........ 13
MCL 600.6013(6) ........ 13
Fed R Civ P 54(d)(1) ........ 2
H.R. Rep. No. 94-1558, p. 1 (1976) ........ 2
S. Rep. No. 94-1011, p. 4 (1976) ........ 2
U.S. Code Cong. & Admin. News 1976, p 5912 ........ 2

## STATEMENT OF ISSUES PRESENTED

Whether Plaintiff, having received a jury verdict in his favor in this Title VII and Elliott-Larsen employment case, is entitled to an award of interest, costs and attorney fees?

## INTRODUCTION

This is a wrongful termination and retaliation case arising out of Plaintiff's employment at Defendant O'Reilly Auto Enterprises, LLC ("O'Reilly"). Plaintiff's case was tried to a jury beginning March 13, 2023. On March 15, 2023, the jury returned a unanimous verdict in Plaintiff's favor in the amount of $2,939,000 (**Ex A**, Verdict Form). On March 15, 2023, Judgment was entered accordingly in the amount of $2,939,000 (**Ex B**, Judgment).

Plaintiff requests $141,762.50 in attorney fees, for all time spent by Plaintiff's counsel in this litigation (**Ex C**, Verified Time Records) and a modest attorney fee enhancement totaling $11,488.75. Plaintiff also requests costs in the amount of $8,391.61 expended by Sterling Attorneys since the onset of this litigation. *See* **Ex D**, Verified Costs Itemization. Of that amount, $3,269.55 was submitted to the clerk for taxation pursuant to Fed R Civ P 54 (d)(1), 28 USC 1920 and the Court's Bill of Costs Handbook (Dkt #66).

In addition to attorney fees and costs, Plaintiff is also entitled to pre-judgment interest from the date his Complaint was filed (October 7, 2021) and post-judgment interest until the judgment is paid pursuant to MCL 600.6013 and 28 USC 1961(a).

# ARGUMENT

## I. An Award of Attorney Fees to a Prevailing Plaintiff in a Title VII Case is Generally Required, and is Also Authorized by the ELCRA

42 USC 2000e-5(k) authorizes a court to award costs and attorney fees to a successful plaintiff in a Title VII case:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party… a reasonable attorney's fee (including expert fees) as part of the costs ….

The recognized legislative intent behind the Civil Rights Attorneys Fee Award Act of 1976, 42 USC 1988, was to ensure "effective access to the judicial process" for persons with civil rights grievances. H.R. Rep. No. 94-1558, p. 1 (1976). The relevant Senate Reports specifically opined that a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." S. Rep. No. 94-1011, p. 4 (1976), U.S. Code Cong. & Admin. News 1976, p 5912. The Supreme Court cited this language in *Hensley v Eckerhart*, 461 US 424, 429 (1983), and adopted it, agreeing that a prevailing plaintiff should ordinarily be awarded attorney fees and costs. *See also Indep Fed of Flight Attendants v Zipes,* 491 US 754, 761 (1989) (holding that "in absence of special circumstances a district court not merely 'may' but *must* award fees to the prevailing plaintiff") (citation omitted and emphasis in original).

More recently, the Sixth Circuit has **required** that district courts award attorney fees under 1988 to a prevailing party unless special circumstances

militate against such an award. In particular, in *Berger v City of Mayfield Heights*, 265 F3d 399, 406 (6th Cir 2001) the Sixth Circuit explained:

> "in the absence of special circumstances a district court not merely **may** but **must** award fees to the prevailing plaintiff" (emphasis added).

The Supreme Court has continued to confirm that a prevailing plaintiff in a civil rights action "should ordinarily recover an attorney's fee" absent special circumstances that would render an award unjust. *Lefemine v Wideman*, 568 US 1 at *5, 133 S Ct 9 (2012).

Similarly, Michigan's ELCRA authorizes an award of attorney fees and costs to a prevailing plaintiff:

> A court, in rendering a judgment in an action brought pursuant to this article, **may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees**, to the complainant in the action if the court determines that the award is appropriate.

MCL 37.2802 (emphasis added).

"[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." *Farrar v Hobby,* 506 US 103, 111, 113 S Ct 566; 121 L Ed 2d 494 (1992). A plaintiff is a "prevailing party" if he "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley*, 461 US at 433. Here, it cannot be disputed that Plaintiff Glowacki is a prevailing party, given his victory on all counts and the jury's substantial verdict in his favor (**Ex A**, Verdict Form).

## A. Standards for Awarding a Reasonable Attorney Fee

In calculating a reasonable attorney fee, the following legal principles apply:

1. Courts start with the lodestar amount: the number of hours worked times a reasonable hourly rate. *Hensley v Eckerhart*, 461 US 424, 433 (1983).

2. Next, the "most critical factor" is "the degree of success obtained." *Id* at 434, 436.

3. A court should also consider the difficulty of the case, the skill, the time, the labor involved in the case, the amount in question, the results achieved, the customary fee, and the professional standing and experience of the attorneys. *Hamlin v Charter Twp of Flint*, 165 F3d 426, 437-438 (6th Cir 1999).

4. Similarly, the Michigan Supreme Court has announced various factors to be considered in determining a reasonable attorney fee: (1) the skill, time and labor involved; (2) the likelihood, if apparent to the client, that the acceptance of the employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar services; (4) the amount in question and the results achieved; (5) the expenses incurred; (6) the time limitations imposed by the client or the circumstances; (7) the nature and length of the professional relationship with the client; (8) the professional standing and experience of the attorney; and (9) whether the fee is fixed or contingent. *Wood v DAIIE*, 413 Mich 573, 588; 321 NW2d 653 (1982); *Grow v WA Thomas Company*, 236 Mich App 696, 714; 601 NW2d 426 (1999).

5. The Court may consider settlement negotiations and unreasonable settlement positions in determining the reasonableness of fees. *Thomas v National Football League Players Ass'n,* 273 F3d 1124, 1130 (DC Cir 2001); *Vocca v Playboy Hotel of Chicago Inc*, 686 F2d 605, 608 (7th Cir 1982).

The purpose of the attorney fee provisions in Title VII and the ELCRA is to encourage persons deprived of their civil rights to seek legal redress and to ensure that victims of discrimination have access to the courts. *Hensley, supra,* 461 US 429; *King v General Motors*, 136 Mich App 301, 356 NW2d 626 (1984).

This Court should award Plaintiff's Counsel the reasonable attorney fees requested in light of the result, Counsel's experience, the reasonable billing rates and hours expended, and Defendant's failure to ever seriously explore settlement.

**B. Plaintiff's Counsel's Attorney Fees are Reasonable**

Plaintiff's attorneys' verified time records are attached as **Ex C**. The following factors demonstrate the reasonableness of these fees.

**(1) The professional standing and experience of the attorneys**

**a. Brian J. Farrar**

Plaintiff's lead counsel is Brian J. Farrar. Mr. Farrar's hourly rate is currently $325 (**Ex E**, Farrar Declaration).

Mr. Farrar is a 2009 graduate of Hofstra University School of Law and has been practicing law for approximately 14 years. *Id.* He is admitted to practice law in New York and Michigan. *Id.*

Prior to joining Sterling Attorneys in August 2015, he worked as Senior Counsel for the New York City Corporation Counsel's Office. *Id.* In that role, he was the lead counsel on numerous civil rights cases and represented the New

York City Police Department. *Id.* He has been lead trial counsel in approximately 12 federal jury trials in Michigan and New York. *Id.*

According to the State Bar of Michigan 2020 Economics of Law Practice Attorney Income and Billing Rate Summary Report, Mr. Farrar's hourly rate of $325 is below both the median and mean hourly rates for attorneys practicing plaintiff-side employment law in Michigan at $350 and $345, respectively. **Ex F**, State Bar 2020 Economics of Law Practice Report, tables 7. Mr. Farrar's hourly rate is also near the mean for attorneys practicing in Oakland County where his office is located ($321). *Id* table 8.

Mr. Farrar expended 353.50 hours in litigating and trying this case, for which he seeks legal fees of $114,887.50.

**b. Gerald D. Wahl**

Gerald D. Wahl served as second chair during trial, providing daily, invaluable assistance and feedback to Mr. Farrar, and as well as assisting with preparations before trial. In addition, Mr. Wahl conducted research at various times during the litigation and conducted oral argument before the Court regarding the jury instructions.

Mr. Wahl is a graduate of the University of Detroit Mercy School of Law and been an attorney for 47 years. **Ex G**, Wahl Declaration. Mr. Wahl has successfully tried employment cases, in more than 30 cases, to juries in cities across the United States, including Detroit, San Francisco, New York City,

Philadelphia, Newark, South Bend, Chicago, and Erie, Pennsylvania. *Id*. He has also been lead trial attorney in group and class action cases in federal courts in the states of Montana, Indiana, Michigan, and Pennsylvania. *Id.*

Mr. Wahl's billing rate of $325 an hour is also reasonable and along the same lines as those charged by plaintiff-side employment lawyers and for lawyers practicing in Oakland County (**Ex F**, Tables 7, 8). The State Bar of Michigan Economics of Law Practice 2020, **Exhibit F**, evidences "Of Counsel" hourly billing rates as $350 (Median), and $341 (Mean); for more than 35 years of practice,[2] $295 (Median), the $317 (Mean); Oakland County (south of M-59), $300 (Median), $320 (Mean); and, Employment Law (plaintiff), $350 (Median), $345 (Mean).

Mr. Wahl expended 64.00 hours in this litigation for which he seeks legal fees of $20,800.

**c. Raymond J. Sterling**

Raymond J. Sterling is the former managing shareholder of Sterling Attorneys at Law, P.C. **Ex H**, Sterling Declaration. He is a graduate of the University of Michigan Law School and has been an attorney for approximately 40 years. *Id.* The majority of his practice is devoted to employment litigation. Mr. Sterling has obtained numerous multi-million-dollar verdicts in

[2] Likely these rates are lower due to many working as semi-retired.

employment cases. *Id.* He is a Million Dollar Advocates Forum Lifetime Member, has been named to Michigan Super Lawyers every year since its inception in 2006, and is listed in Best Lawyers in America. *Id.*

According to the State Bar 2020 Economics of Law Practice Report, Mr. Sterling's hourly rate of $450 falls between the 75th and 95th percentiles (years of practice, office location, field of practice) (**Ex F**, Tables 4, 6,7, 8).

Mr. Sterling expended 13.50 hours in this litigation for which he seeks legal fees of $6,075.

**(2) The skill, time and labor involved**

Considerable skill, time and labor was involved in litigating this case. The parties conducted five depositions, completed summary judgment briefing, as well as briefing regarding defendant's motions *in limine*.

During trial and in the days and weeks leading up to it, Mr. Farrar devoted substantial time and energy to this case. Verified Time Records for Plaintiff's counsel are attached, **Ex C**. However, the actual hours expended are even higher than those documented in the attached time sheets, as Plaintiff's counsel has spent countless additional hours, not tracked by the firm, thinking about the case and discussing strategy with other attorneys at the firm. Additionally, for over one year prior to the first time entry, Plaintiff's counsel provided advice and counseling to Plaintiff as Plaintiff navigated the EEOC process and considered whether to pursue a case against Defendant.

Plaintiff also relies on the Court's own evaluation as to Plaintiff's counsel's skill, the time and labor involved in this case, and the results obtained.

**(3) The amount in question and the results achieved**

For over two years, and up to and including the time of trial, Defendant never demonstrated any real interest in resolving this case, requiring a time consuming and expensive jury trial. When the Court is assessing attorney fees "the most critical factor is the degree of success obtained." *Hensley*, 461 US at 436. Although district courts have discretion in determining the proper award, they "must consider the relationship between the extent of success and the amount of the fee award." *Id* at 438. The "significance of the overall relief obtained by the plaintiff" influences the reasonableness of the time expended on the litigation." *Id* at 435.

**(4) The difficulty of the case**

Despite plentiful evidence of retaliation, this case was difficult given Defendant's aggressive denial that it had liability to Plaintiff. The case was also difficult given Defendant's refusal to make any meaningful attempt to resolve this matter for years, requiring Plaintiff to expend the time, money and resources of litigating and trying this case.

**(5) The undesirability of this case**

Plaintiff's counsel agreed to represent Plaintiff despite the risks of filing suit against such a large and powerful corporate as O'Reilly. Before retaining

the undersigned, Plaintiff reached out to several other employment attorneys who would not agree to represent him presumably due to the risk and expense of pursuing this type of claim.

**(6) The expenses involved**

As Plaintiff's Verified Costs Itemization reveals, Plaintiff invested over $8,391.61 in costs in this matter for discovery, depositions, and miscellaneous other costs of litigation. To accommodate the witnesses, depositions were conducted in-person in Grand Rapids, MI which required travel and overnight accommodations. Likewise, since the trial was conducted in Lansing, additional travel and overnight accommodations were necessary. This was a substantial investment, **Ex D**. Plaintiff seeks recompense for all costs not taxed by the clerk.

**(7) The nature and length of the professional relationship with the client**

Plaintiff and Plaintiff's lead counsel have had an attorney client relationship for almost three years. A fee agreement exists providing for a fee contingent upon a successful outcome, and providing that part of the fee may be charged by taxing Defendant for the fees in a fee assessment proceeding such as this one.

The *Hamlin* and *Wood* factors favor an award to Plaintiff of his attorney fees. Plaintiff unquestionably obtained a very good result at trial.

## II. A Modest Fee Enhancement is Appropriate in this Case

The circumstances of this case render it appropriate for a fee enhancement. See *Palmer v Shultz*, 679 F Supp 68 (DDC 1988) (awarding 50% enhancement); *Schellenberg v Rochester Michigan Lodge No. 2225,* 228 Mich App 20, 56; 577 NW2d 163 (Mich App 1998) (awarding 25% fee enhancement).

The U.S. Supreme Court has identified three situations where an enhancement may be appropriate: 1) where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value; (2) where the attorney has expended an extraordinary outlay of expenses and the litigation is exceptionally protracted; or (3) where there is an exceptional delay in the payment of fees." *Perdue v Kenney A ex rel Winn*, 559 US 542, 554-555 (2010).

Given *Perdue* factor 1, Plaintiff requests a fee enhancement of approximately 10% with respect to Mr. Farrar's billings at $325 per hour, such that all his time is compensated at the rate of $357.50. This amounts to an additional $11,488.75.

## III. Costs Are Recoverable

An award of costs to a prevailing party is authorized under 42 USC 1988. *Northcross v Bd of Education,* 611 F2d 624, 639 (6th Cir 1980), overruled on other grounds. Specifically, reasonable out of pocket expenses incurred by the attorney

which are normally charged to a fee-paying client, in the course of providing legal services, are compensable. *Id.*

Similarly, Michigan's ELCRA provides that a "court in rendering a judgment in an action brought pursuant to this article, may award all or a portion of the costs of litigation, including … witness fees, to the complainant in the action if the court determines that the award is appropriate." MCL 37.2802.

Plaintiff submitted a Bill of Costs to the Taxation Clerk in the amount of $3,269.55 pursuant to 28 USC 1920, the general taxation of costs statute applicable to all federal court cases. Plaintiff seeks the balance of his costs under 42 USC 1988(b) and applicable case law, so that total costs awarded are $8,391.61 (**Ex D**).

The costs to be awarded to a prevailing plaintiff are not limited to the "taxable costs" enumerated in 28 USC 1920. Instead, costs to be awarded include costs for mileage, postage, parking, computer use, etc. -- all "reasonable, out of pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Lankford v Realdyne LLC,* 2016 WL 3640691 at *4-5 (SD OH 2016); *Waldo v Consumers Energy Co*, 726 F3d 802, 827 (6th Cir 2013) quoting *Northcross v Bd of Educ of Memphis City Sch*, 611 F2d 624, 639 (6th Cir 1979). See also *Fleming v Bhd of Maint of Way Emps Div of Int'l Bhd of Teamsters*, 2011 WL 900036, at *4 (ED Mich, Mar 14, 2011)

(allowing reimbursement for computer-assisted Westlaw research); see also 42 USC 2000e-5(k), ("the court in its discretion may allow the prevailing party a reasonable attorney fee (including expert fees) as part of the costs . . .").

Plaintiff seeks to recover $8,391.61 in costs that were reasonably incurred during this litigation (**Ex D**, Verified Costs Itemization).

## IV. Plaintiff is Entitled to Interest

### A. Pre-Judgment and Post-Judgment Interest are Mandatory Under ELCRA

Under MCL 600.6013 (1) and (6), the Michigan judgment interest statute, Plaintiff is entitled to interest on the money judgment, which is calculated on the entire amount of the judgment, including attorney fees and costs, until satisfaction. *Id.* Under the statute, an award of interest is mandatory. *Grow v WA Thomas Company*, 236 Mich App 696, 720; 601 NW2d 426 (1999); *Everett v Nikola*, 234 Mich App 632, 636-639 (1999) ("The purposes of the statutory provision permitting interest to accrue from the time the complaint is filed is to compensate the prevailing party for expenses incurred in bringing the suit and for any delay in receiving such damages").

Plaintiff is thus entitled to interest pursuant to MCL 600.6013(6) at the prevailing rate from the date her complaint was filed (December 12, 2016) to the date of judgment (June 14, 2019) and continuing until the judgment is satisfied. See also, *Pittington v Great Smokey Mountain Lumberjack Ford, LLC*, 880 F3d 791,

812 (6th Cir 2018) (court has discretion to award pre-judgment interest); *Thurman v Yellow Freight*, 903 F3d 1160 (6th Cir 1996) (pre-judgment interest is usually appropriate to make a discrimination victim whole).

**B. Post-Judgment Interest Under 28 USC 1961**

The federal judgment interest statute, 28 USC 1961 *mandates* post-judgment interest, which includes interest on attorney fees. *Assoc General Contractors of Ohio v Drabik*, 250 F3d 482 (6th Cir 2001).[3]

Thus, Plaintiff is entitled to post-judgment interest on the entire judgment, the attorney fee award, and the award of pre-judgment interest. See *Clements v Prudential Protective Services, LLC,* 100 F Supp 3d 604, 619 (ED Mich 2016), *aff'd* 659 F Appx 820 (6th Cir 2016).

**CONCLUSION**

Plaintiff respectfully requests that the Judgment in this matter be amended to award Plaintiff:

E. Attorney fees in the amount of $141,762.50 (**Ex C**);

F. A fee enhancement of $11,488.75;

G. Costs in the amount of $8,391.61 (**Ex D**);

H. Prejudgment interest from October 7, 2021 and post-judgment interest beginning March 15, 2023.

[3] Per 28 USC 1961, "such interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

**PROOF OF SERVICE**

I certify that on March 28, 2023, I filed the foregoing paper with the Clerk of the Court using the ECF system which will electronically send notification to all counsel of record.

/s/Brian J. Farrar
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
bfarrar@sterlingattorneys.com

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Brian J. Farrar
Brian J. Farrar (P79404)
Raymond J. Sterling (P34456)
Gerald D. Wahl (P26511)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

## VERIFICATION

I certify under penalty of perjury pursuant to 28 USC 1746 that the rates customarily charged by each attorney, the number of hours expended in this case, and all other statements contained in plaintiff's fee petition are true and correct to the best of my knowledge.

/s/Brian J. Farrar
Brian J. Farrar

## CERTIFICATION UNDER E.D. MICH. LR 5.1(a)

I, Brian J. Farrar, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10 ½ characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/Brian J. Farrar